

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TYRANT WALKER,<br><br>    Petitioner,<br><br>v.<br><br>TIMOTHY E. BUSBY, Warden,<br><br>    Respondent. | Case No. CV 07-02834 ABC (AN)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH LOCAL RULE 41-6 AND WANT OF PROSECUTION |

## I. BACKGROUND

In accordance with the United States Court of Appeals for the Ninth Circuit's 6/3/11 order remanding this case, on June 14, 2011, this Court filed its minute order (dkt. 21) ("6/14/11 Order") granting petitioner Tyrant Walker ("Petitioner") leave until June 27, 2011, to file a first amended petition. On June 15, 2011, the 6/14/11 Order was served by mail on all parties at their last known addresses. However, on June 23, 2011, the Postal Service returned the unopened envelope with the 6/14/11 Order to the Clerk's Office; the Ironwood prison also stamped the envelope to notify the Court that the envelope was being returned because Petitioner was discharged from state custody. (*See* envelope (dkt. 22 at 1).) Further, on June 23, 2011, the courtroom deputy clerk for the magistrate judge contacted the Ironwood Prison and was advised Petitioner was released from state custody on April 23, 2010 -- over one year ago -- and he is not on parole. The

inmate locator for the California Department of Corrections and Rehabilitation (available at www.cdcr.ca.gov) also confirms that Petitioner is no longer in state custody.

Despite being released since April 23, 2010, Petitioner has failed to promptly file a notice of change of address with the Court. Further, more than 15 days has passed since the Court served its 6/14/11 Order on Petitioner, and in that time Petitioner has failed to file a first amended petition in the time and manner directed by the 6/14/11 Order or file a notice of change of address.

## II. DISCUSSION

**A.  Rule 41(b) of the Federal Rules of Civil Procedure Authorizes Dismissal of the Action for Petitioner's Failure to Comply with a Court Order.**

The Court has discretionary authority to dismiss an action based on a petitioner's failure to diligently prosecute and/or failure to comply with a court order. Fed. R. Civ. P. 41(b) ("Rule 41(b)"); Local Rule 41-1; *Link v. Wabash R.Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir.), *cert. denied*, 516 U.S. 838, 116 S. Ct. 119, 133 L. Ed. 2d 69 (1995) (pro se inmate's action properly dismissed for failure to file opposition to motion to dismiss as required by local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915, 113 S. Ct. 321, 121 L. Ed. 2d 242 (1992) (pro se litigant's civil rights complaint properly dismissed for failure to comply with court order requiring filing of amended pleading); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (district court did not abuse its discretion in dismissing petition with prejudice based on petitioner's failure to prosecute action and failure to comply with court order establishing deadline for filing objections to report and recommendation of United States Magistrate Judge). A dismissal under Rule 41(b) -- other than for lack of jurisdiction, improper venue, or failure to join a party -- operates as an adjudication on the merits.

///

Local Rule 41-6[1/] authorizes this Court to dismiss an action where a pro se litigant fails to apprise the current address.

In determining whether to dismiss a claim for failure to prosecute or failure to comply with a Court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court order).

With the exception of the public policy favoring disposition of cases on their merits, all factors weigh in favor of dismissal of the action. Petitioner failed to file a notice of change of address with the Court in violation of Local Rule 41-6, causing the Court's 6/14/11 Order to be returned. Due to Petitioner's failure to comply with Local Rule 41-6, the Court is unable to obtain his compliance. The Court is not required to keep a case on its docket when a petitioner has demonstrated an unwillingness to comply with explicit Court orders and a lack of interest in pursuing the action.

With respect to the risk of prejudice to respondent, in some cases, "[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant." *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994), *quoting Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651-52 (9th Cir. 1991). *See also Ferdik*, 963 F.2d at 1263 (district court's dismissal of complaint for failure to comply with court order affirmed, even if the prejudice factor and the factor regarding the public policy

---

[1/] Local Rule 41-6 provides:

A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Page 3

favoring disposition on the merits both weighed against dismissal, where they did not outweigh the other three factors that strongly supported dismissal).

Finally, Petitioner's failure to keep the Court and Respondent apprised of his current address in violation of Local Rule 41-6 is inexcusable given that he has been released from custody since April 23, 2010, and deprives this Court of employing a viable less drastic alternative.

Accordingly, after careful consideration of all five dismissal factors, the Court concludes that dismissal with prejudice is warranted.

### III. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated, and this action is dismissed with prejudice based upon Petitioner's failure to keep the Court apprised of his current address in violation of Local Rule 41-6 and his corresponding failure to file the first amended petition in the time and manner directed by the 6/14/11 Order.

DATED: July 7, 2011

AUDREY B. COLLINS
CHIEF JUDGE